UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION



**FILED**
AUG 07 2014

---

UNITED STATES OF AMERICA

Plaintiff,

v.

TIMITHY J. FIELDING,

Defendant.

14 - MJ - 16

AFFIDAVIT IN SUPPORT OF
CRIMINAL COMPLAINT

---

(STATE OF SOUTH DAKOTA)
(                                ) ss
(COUNTY OF PENNINGTON )

     I, Dave Stephan, Special Agent (SA) with the South Dakota Division of Criminal Investigation (DCI), being duly sworn, states as follows:

     1.    I am a Special Agent with the South Dakota Division of Criminal Investigation, and have been so in that capacity approximately 13 years. Your affiant has been a law enforcement officer for over 22 years and is certified through the State of South Dakota. That included in my duties, I am responsible for the investigation into felony violations of South Dakota State law, to include Solicitation of a Minor, Possession of Child Pornography, and any other felony crimes committed in South Dakota. Your affiant has been to several post certification schools including Crime Scene Processing, DNA-Identification, Collection and Preservation, Missing Persons Training, Basic Criminal Investigation and Search and Seizure. Your affiant also teaches Basic Crime Scene Processing and Crime Scene Photography training at the South

1

Dakota State Law Enforcement Training Academy. Your affiant teaches Criminal Investigation at Southeast Technical Institute in Sioux Falls, SD. Your affiant is a graduate of the National Forensic Academy, in which your affiant received over 400 hours of specialized crime scene processing training. Your affiant is a certified Senior Crime Scene Analyst with the International Association for Identification.

2. I have investigated several cases involving violations of 18 U.S.C. § 1591. During my law enforcement career I have become familiar with the *modus operandi* of persons involved in commercial sex trafficking.

3. Based on my experience and training, I am knowledgeable of the various means utilized by individuals who illegally attempt to meet with children in order to engage in a commercial sex act.

4. The information set forth below is based upon my knowledge of an investigation conducted by other law enforcement agents and officers including South Dakota DCI, the Federal Bureau of Investigation, and the Department of Homeland Security. I have not included each and every fact obtained pursuant to this investigation, but have set forth those facts that I believe are essential to establish the necessary foundation for the issuance of the criminal complaint.

5. I have been informed that 18 U.S.C. § 1591 makes it a crime for a person to use the internet, which affects interstate commerce, to attempt to meet with a child to engage in a commercial sex act. I have received the below said information from South Dakota ICAC Commander Division of Criminal Investigation (DCI) Special Agent Brent Gromer of the Rapid City DCI office.

6. Your affiant submits that there is probable cause to believe that Timithy J. Fielding committed the crime of attempted commercial sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a).

7. Starting on August 1, 2014, the South Dakota ICAC and DCI, along with the Federal Bureau of Investigation (FBI) and other law enforcement agencies, set up a sex trafficking operation during the Sturgis Motorcycle Rally. As a part of the operation, law enforcement agents put out multiple advertisements on several online websites. Language in the advertisement was used to indicate to a person familiar with such terminology that the advertisement was offering young girls for prostitution. In addition, agents generated business cards which had several images and language which advertised sex with children. The business cards were then placed in various locations in and around Sturgis. Multiple men, including Timothy J. Fielding, responded to the business cards. He communicated via text message utilizing his cellular phone and negotiated with undercover agents, posing as a pimp, in order to negotiate the terms of engaging in sexual acts with multiple young girls.

8. Fielding responded to the law enforcement-generated business card advertisement on August 6, 2014. During the chats he indicated he wanted to pay to have sex with a minor. The undercover agent told Fielding that he had multiple girls available, including a 12, 13 and 15 year old, and the undercover agent provided photographs along with a price list of specific sexual acts the girls would perform. The chats were between agents at the phone number

3

provided on the business card and Fielding's cellular phone which had an out-of-state phone number of (814) 547-8920.

9. Fielding agreed to pay $150 for half an hour of sex with one of the females but told the agents he would let them choose which one. He was only told about the 12, 13 and 15 year old girls and was not given an option of an adult with whom to engage in sex. Fielding described that he would be wearing a black shirt and a bandana.

10. Fielding agreed he would meet the pimp/undercover agent prior to meeting the child to engage in oral sex. He agreed to meet the pimp/undercover agent in the late evening of August 6, 2014/early morning of August 7, 2014, at a public location in Sturgis, South Dakota.

11. An undercover agent acting as the pimp went to the agreed upon location and met with Fielding. Fielding arrived on foot and approached the undercover agent and admitted he was the one that had negotiated to pay to have sex with a minor but again he would not state which one of the children he preferred. Fielding was then arrested and he was then transported to jail. He was in possession of U.S. currency of a sufficient amount to cover the $150. Prior to transportation, agents searched his person and could not find the cell phone he utilized to communicate but later found it hidden in the weeds near the path he traveled to approach the meeting location.

12. Fielding was interviewed post-arrest and again admitted it was him who texted with undercover agents and negotiated to pay for sex with a minor. He also admitted that prior to his arrival in Sturgis, he answered a

4

Craigslist.com advertisement and he knew the person who posted the advertisement was the same as the person offering girls for sex on the business card because the girls' names and ages were the same. He also admitted throwing the phone that he used for the communication with the undercover agent.

13.  I am aware that Craigslist.com is an internet website for online classified advertisements. I am also aware that individuals utilize computers and other internet capable electronic devices to place advertisements on Craigslist.com to sell goods and services on the internet. An internet user who is interested in a good or service advertised on Craigslist.com then utilizes the internet to communicate with the provider of the good or service and they enter into negotiations. Craigslist.com is a California-based corporation with servers located outside of the state of South Dakota all of which was in and affecting interstate commerce.

## CONCLUSION

14.  Your affiant submits that there is probable cause to believe that Timithy J. Fielding committed the crime of attempted commercial sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a).

Wherefore, I request the issuance of a criminal complaint and warrant for the arrest of Timithy J. Fielding.

Dated: 8-7-14

Special Agent Dave Stephan
South Dakota Division of
Criminal Investigation

SUBSCRIBED and SWORN to before me this 7 day of Aug, 2014.

JOHN E. SIMKO
U.S. MAGISTRATE JUDGE