UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION



**FILED**

**JUL 2 5 2016**

CLERK

UNITED STATES OF AMERICA,  CR 14-50064

Plaintiff,  PLEA AGREEMENT

vs.

TIMOTHY J. FIELDING,

Defendant.

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A.  ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B.     PLEA AGREEMENT PROCEDURE – SPECIFIC SENTENCE OF TWO TO EIGHT YEARS OF IMPRISONMENT – BINDING ON COURT:** The United States and the Defendant agree that this plea agreement is presented to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which provides that the United States and the Defendant have agreed that a sentencing range of not less than two up to eight years of imprisonment is the appropriate disposition of this case. Such agreements are binding on the Court once the Court accepts the plea agreement.

**C.     PLEA OF GUILTY TO CHARGE AND DISMISSAL OF OTHER CHARGES – WAIVER OF INDICTMENT:** The Defendant will waive indictment in this case and plead guilty to a superseding information charging a violation of 18 U.S.C. § 1001, False Statement. The charge carries a maximum sentence of 8 years in prison, because it is a matter which relates to an offense under 18 U.S.C. § 1591, a $250,000 fine, or both, and a period of supervised release of 3 years. If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 2 years on any such revocation. There is also a $100 assessment to the victims' assistance fund.

Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a motion to dismiss the Indictment as it pertains to the Defendant pursuant to the terms of this plea agreement.

2

**D.    VIOLATION OF TERMS AND CONDITIONS:**    The Defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1)    All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)    The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3)    The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E.    ACCEPTANCE OF RESPONSIBILITY:**    The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has  not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he:  (1) complies with the terms of this plea agreement; (2) testifies

3

truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

**TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

**F.    GOVERNMENT'S    AND    DEFENDANT'S    RECOMMENDATION REGARDING SENTENCE – NOT LESS THAN TWO YEARS UP TO THE STATUTORY MAXIMUM OF EIGHT YEARS OF IMPRISONMENT:** At the sentencing hearing, both the United States and the Defendant are free to recommend whatever sentence each feels is appropriate, within statutory limits, and the limits of the binding plea agreement of 2-8 years imprisonment, present evidence, and make arguments in support thereof. The Defendant further understands that he may not withdraw his plea of guilty if the Court

4

rejects any recommendation as long as the Court's sentence is within the limits of the binding plea agreement.

**G.    SPECIAL ASSESSMENT:**   The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Ave., Ste. 128, Sioux Falls, SD 57104-6851, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $100 in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**H.    MONETARY OBLIGATIONS – DEFENDANT'S ONGOING DUTY:**   If the Defendant does not have sufficient financial resources to immediately satisfy the financial obligations imposed upon him at sentencing the Defendant agrees, if requested by the United States, to promptly execute and return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments and an executed Financial Statement.    The Defendant understands that this is an ongoing duty which continues until such time as payment is remitted in full. Also the Defendant may be required to furnish the requested information, as well as current earnings statements and copies of his W-2s even if the request is made after he has been sentenced.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.

5

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prison's Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**I.    RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of his sentence, with evidence and argument.

**J.    NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the Defendant in the District of South Dakota based on the information and evidence now available to the United States for the Defendant's attempted commercial sex trafficking of a minor, attempted enticement of a minor using the internet, and false statements on or about between August 1 and August 7, 2014.

**K.    AGREEMENT TO FORFEIT PROPERTY:** The Defendant agrees to forfeit all interest in the U.S. currency seized from him. The Defendant warrants that he is the sole owner of all of the property. The Defendant agrees

to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

The Defendant further agrees to waive all interest in the property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for the property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of the property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps necessary to pass clear title to the property to the United States, including, but not limited to, surrender of title, the signing of a consent decree, stipulating to facts regarding the transfer and basis for the forfeiture, executing deed or title transfers, and signing any other documents necessary to effectuate such transfers.

7

**L.     BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

**M.     WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**N.     PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**O.     SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**P.     WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's

8

right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

## SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

RANDOLPH J. SEILER
United States Attorney

4/4/16

Date

SARAH B. COLLINS
Senior Litigation Counsel
515 9th Street #201
Rapid City, SD 57701
Telephone: (605)342-7822
Facsimile: (605)342-1108
E-Mail: sarah.b.collins@usdoj.gov

APPROVED:
RANDOLPH J. SEILER
United States Attorney
By:

GREGG S. PETERMAN
Supervisory Assistant U.S. Attorney

03-31-2016

Date

TIMITHY J. FIELDING
Defendant

4-4-2016

Date

GARY G. COLBATH, JR.
Attorney for Defendant

9