UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-50064 |
| Plaintiff, | |
| vs. | DEFENDANT'S SENTENCING MEMORANDUM |
| TIMOTHY J. FIELDING, | |
| Defendant. | |

_____

Comes now Timothy Fielding, Defendant above-named, by and through the Office of the Federal Public Defender, and moves the Court for a two-year sentence in accord with the plea agreement he reached with the government, in which he pled guilty to "False Statement" in violation of 18 U.S.C. § 1001. This sentencing memorandum is filed in support of Fielding's specific sentencing request. Mr. Fielding's request is a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a).

**INFORMATION RELEVANT TO THE 3553(A) FACTORS**

Most, if not all, of the mitigating facts in this case were presented through the letters submitted to the Court. However, Mr. Fielding also submits a report from Dr. Delmonico and MA Elizabeth Griffin, filed herewith (Doc. 71). This report summarizes Mr. Fielding's risk assessment based on a "clinical interview, . . . extensive psychological testing, [an] Abel Assessment, . . . Static-99R, and relying on [] 40+ years of combined expertise . . . ."[1] The conclusion is that Mr. Fielding "does not appear to have deviant sexual interest, or an antisocial

---

[1] Evaluation (Doc. 71), p. 10.

orientation" and "none of the risk factors identified in the professional literature apply to Mr. Fielding . . . ."[2]  In sum, Mr. Fielding, who has had no prior law enforcement incidents and maintained complete compliance with pretrial release supervision for approximately two years, is not a danger to society.

## SPECIFIC REQUEST FOR SELF-SURRENDER

Mr. Fielding is from Centreville, Pennsylvania.  He is a commercial truck driver and has been so for his entire career.  He supports one of his daughters and his grandchildren.  He has no prior criminal history.  During the pendency of this case, Mr. Fielding has been aware that he faces imprisonment.  He has not fled or otherwise violated his pretrial release in any way for almost two years.  He asks the Court to grant him a self-surrender date.  This is helpful to the government because it will save the cost of transporting Mr. Fielding back to the east coast for placement in a BOP facility.  Further, it will aid in the BOP eventually placing Mr. Fielding back in the community close to his legal address.  The BOP "classification score" is significantly affected by whether an inmate self-surrendered.  Should the Court grant his request, Mr. Fielding, a 52-year-old man with significant health issues, will be in a better position to be placed closer to his home and in a better position to return to his work and support his family once he is released.

## CONCLUSION

Mr. Fielding requests a sentence that is sufficient, but not greater than necessary, for his violation of 18 U.S.C. § 1001.  Further, he asks the Court to set a self-surrender date approximately five weeks after his plea and sentencing in this case.

---

[2] *Id.*

Dated this 22nd day of September, 2016.

        Respectfully submitted,

        NEIL FULTON
        Federal Public Defender
        By:

        */s/ Stephen D. Demik*
        Stephen D. Demik, Assistant Federal Public Defender
        Attorney for Defendant
        Office of the Federal Public Defender
        Districts of South Dakota and North Dakota
        703 Main Street, Second Floor
        Rapid City, SD 57701
        Telephone: 605-343-5110; Facsimile: 605-343-1498
        filinguser_SDND@fd.org